1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

K.H., et al.,

                    Plaintiffs,

        v.

OLYMPIA SCHOOL DISTRICT, et al.,

                    Defendants.

CASE NO. C16-5507 BHS

ORDER GRANTING MOTION
TO DISMISS

13
14
15
16
17

        This matter comes before the Court on the motion to dismiss (Dkt. 12) of Olympia

School District, Frederick Stanley, Barbara Greer, and William Lahmann ("Defendants")

and the motion to strike (Dkt. 20) by K.H. and G.H. ("Plaintiffs"). The Court has

considered the pleadings filed in support of and in opposition to the motions and the

remainder of the file and hereby grants the motions for the reasons stated herein.

18

**I. BACKGROUND**

19
20
21
22

        On June 25, 2014, Plaintiffs filed a complaint in Thurston County Superior Court

against Olympia School District in *K.H. v. Olympia School District*, No. 14-2-01243-5

("*K.H. I*"). Dkt. 13-1. The complaint stated a claim for negligence and negligent infliction

of emotional distress based on the conduct of Olympia School District's employees. Dkt.

1  13-1 at 10–13. In setting forth the misdeeds of Olympia School District's employees, the

2  complaint specifically named Fredrick Stanley, Barbara Greer, and William Lahmann as

3  bad actors. Dkt. 13-1 at 5, 8–9.

4        On November 30, 2015, the case proceeded to trial. Dkt. 13-2 at 3. On December

5  17, 2015 the jury returned a verdict finding that Olympia School district was negligent

6  and grossly negligent, but awarding no damages. *Id.* at 3–4. On January 21, 2016, the

7  Thurston County Superior Court entered judgment for Olympia School District and

8  granted costs. *Id.* On February 10, 2016, Plaintiffs filed a notice of appeal. Dkt. 13-3. The

9  appeal is currently pending. Dkt. 14 at 5.

10        On June 1, 2016, Plaintiffs filed their present complaint. Dkt. 1. Like the

11  complaint in Thurston County Superior Court, the complaint names Olympia School

12  District as a defendant. *Id.* The complaint also names Fredrick Stanley, Barbara Greer,

13  and William Lahmann as defendants in their individual capacity. *Id.* In their present

14  complaint, Plaintiffs do not allege negligence. *Id.* Instead, they allege that the misconduct

15  of the individually named defendants constituted deliberate indifference rising to the

16  level of a constitutional deprivation and an actionable violation under 20 U.S.C. §

17  1681(a). *Id.* at 21–23.

18        On July 21, 2016, Defendants filed a motion to dismiss. Dkt. 12. On August 8,

19  2016, Plaintiffs responded. Dkt. 14. On August 12, 2016, Defendants replied. Dkt. 16. On

20  August 18, 2016, Plaintiffs filed a surreply, requesting that the Court strike portions of a

21  declaration submitted by Defendant's counsel in support of their reply. Dkt. 20.

22

# II. DISCUSSION

**A.     Motion to Strike**

Plaintiffs move to strike portions of the second Declaration of Michael McFarland (Dkt. 17) insofar as it refers to statements the jurors made to the declarant after rendering a verdict in *K.H. I*. Dkt. 20. The Court agrees that such information is inadmissible hearsay and there is no indication that Defendants could present the information in an admissible form. Fed. R. Evid. 801 and 802. More importantly, such information is well outside either the present pleadings or the record of *K.H. I* upon which Defendants base their res judicata defense. The court may not consider such information on a motion to dismiss. Fed. R. Civ. P. 12(d). In any case, the only purpose of these statements is to counter Plaintiffs' argument that the jury's verdict is unlawfully inconsistent, which has no relation on the present motion based on res judicata. *See* Fed. R. Evid. 401 and 402. Accordingly, the Court grants Plaintiffs' motion to strike and will not consider any of the contested evidence as set forth in Plaintiffs' motion.

**B.     12(b)(6) Standard**

Plaintiffs argue that the motion should be treated as a motion for summary judgment under Fed. R. Civ. P. 56(a) and point to Defendants' failure to state the applicable rule whereby they brought their motion or the appropriate legal standard. Defendants failed to reply to this argument. Although Defendants' failure to cite either the legal authority enabling their motion or the applicable standard is conspicuous, the motion is titled "Motion to Dismiss" and not "Motion for Summary Judgment." Accordingly, the Court will treat the motion as if it were intended as a motion to dismiss

1    pursuant to Fed. R. Civ. P. 12(b)(6), as opposed to a motion for summary judgment

2    pursuant to Fed. R. Civ. P. 56.

3           To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

4    plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible

5    on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Court may dismiss a claim

6    based on the lack of a cognizable legal theory or the absence of sufficient facts to support

7    a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

8    1988). For the purposes of the motion, the Court reads material allegations in the

9    complaint as admitted and the complaint is construed in Plaintiffs' favor. *Keniston v.*

10   *Roberts*, 717 F.2d 1295 (9th Cir. 1983).

11   **C.    Judicial Notice on a Motion to Dismiss**

12          Generally, a court may not consider matters outside the pleadings in deciding a

13   motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(d). Doing so requires

14   treating the motion as a request for summary judgment under Fed. R. Civ. P. 56. *Id.*

15   However, "a court may take judicial notice of matters of public record without converting

16   a motion to dismiss into a motion for summary judgment . . . ." *Skilstaf, Inc. v. CVS*

17   *Caremark Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012) (citation and internal quotation

18   marks omitted). "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice

19   of another court's opinion, it may do so 'not for the truth of the facts recited therein, but

20   for the existence of the opinion, which is not subject to reasonable dispute over its

21   authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting

22

1    *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d

2    410, 426–27 (3rd Cir. 1999)).

3         Defendants have failed to request that the Court take judicial notice of the

4    documents attached to their motion. They have likewise failed to cite a legal rule

5    authorizing the Court to do so on a motion to dismiss. Nonetheless, Defendants' failure

6    does not prevent the Court from taking judicial notice of the public records attached to

7    Defendants' motion. *See e.g. Callan v. New York Cmty. Bank*, 643 Fed. Appx. 666, 666–

8    67 (9th Cir. 2016) ("The district court did not abuse its discretion in sua sponte taking

9    judicial notice of [Plaintiff]'s complaint . . . and the resulting judgment in [her] state court

10   action and considering these documents in ruling on the motion to dismiss.") (citing Fed.

11   R. Evid. 201(c), (d)) (a court "may take judicial notice on its own" at any stage of the

12   proceeding); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.

13   2006) (courts "may take judicial notice of court filings and other matters of public

14   record").

15        The documents attached to Defendants' motion (Dkts. 13-1, 13-2, 13-3) are public

16   records taken from the parties' prior proceeding in *K.H. I*. There has been no showing

17   that the authenticity of those documents or the information contained therein is subject to

18   reasonable dispute. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052

19   (9th Cir. 2007). Accordingly, the Court takes judicial notice of the documents attached to

20   Defendants' motion.

21

22

1  **D.    Res Judicata**

2        Defendants argue that the complaint should be dismissed under the doctrine of res

3  judicata. The law "require[s] all federal courts to give preclusive effect to state-court

4  judgments whenever the courts of the State from which the judgments emerged would do

5  so:" *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). Accordingly,

6  where state preclusion requirements are satisfied, "[r]es judicata applies to Section 1983

7  actions." *Sewer Alert Comm. v. Pierce Cty.*, 791 F.2d 796, 798 (9th Cir. 1986) (citing

8  *Allen*, 449 U.S. at 105). The Court must give the parties' prior proceeding in Thurston

9  County Superior Court the same full faith and credit that Washington courts would give

10  it. *Id.*

11        Washington State preclusion law prohibits a party from filing separate lawsuits

12  with different claims that are based on the same events. *Ensley v. Pitcher*, 152 Wn. App.

13  891, 898 (2009).

14              The doctrine of res judicata rests upon the ground that a matter
         which has been litigated, or on which there has been an opportunity to
15         litigate, in a former action in a court of competent jurisdiction, should not
         be permitted to be litigated again. It puts an end to strife, produces certainty
16         as to individual rights, and gives dignity and respect to judicial
         proceedings.

17  *Marino Prop. Co. v. Port Comm'rs of Port of Seattle*, 97 Wn.2d 307, 312 (1982) (quoting

18  *Walsh v. Wolff*, 32 Wn.2d 285, 287 (1949)). To determine whether a previous lawsuit

19  justifies invoking res judicata, the threshold requirement is a final judgment on the

20  merits. *Ensley*, 152 Wn. App. at 899. In addition, Washington courts require identity

21  between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes

22

ORDER - 6

1  of action, (3) subject matter, and (4) the quality of the persons for or against whom the

2  claim is made. *Karlberg v. Otten*, 167 Wn. App. 522, 536 (2012). The party asserting res

3  judicata as a defense has the burden of proving that the claim was previously adjudicated.

4  *Ensley*, 152 Wn. App. at 902; *Civil Serv. Comm'n of City of Kelso v. City of Kelso*, 137

5  Wn.2d 166, 172 (1999); *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 n. 4 (9th

6  Cir. 1988).

7  **1.    Final Judgment**

8  Defendants have presented the Court with the *K.H. I* judgment. Dkt. 13-2.

9  Plaintiffs argue that the *K.H. I* judgment is not final because the jury verdict is the subject

10  of a pending appeal. Dkt. 14 at 20. "The federal rule on the preclusive effect of a

11  judgment from which an appeal has been taken is that the pendency of an appeal does not

12  suspend the operation of an otherwise final judgment for purposes of res judicata."

13  *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) (citing 1B J. Moore, J.

14  Lucas, & T. Currier, Moore's Federal Practice ¶ 0.416[3] at 521 (2d ed. 1983)). Under

15  Washington law, a judgment entered by a superior court is likewise preclusive during the

16  pendency of appeal. *Nielson By & Through Nielson v. Spanaway Gen. Med. Clinic, Inc.*,

17  85 Wn. App. 249, 254 (1997), *aff'd*, 135 Wn.2d 255 (1998) ("[A]n appeal does not

18  suspend or negate the res judicata aspects of a judgment entered after trial in the superior

19  courts.") (quoting *Riblet v. Ideal Cement Co.*, 57 Wn.2d 619, 621 (1961)). *See also*

20  *Lejeune v. Clallam Cty.*, 64 Wn. App. 257, 266 (1992) ("[A] judgment . . . becomes final

21  for res judicata purposes at the beginning, not the end, of the appellate process, although

22  res judicata can still be defeated by later rulings on appeal."); *City of Des Moines v. Pers.*

1   *Prop. Identified as $81,231 in U.S. Currency*, 87 Wn. App. 689, 703 (1997) ("[W]here a

2   party has had a full opportunity to be heard . . . the trial court's judgment is

3   presumptively correct and collateral estoppel [and res judicata] appl[y] even if an appeal

4   is pending."). Based on the foregoing, the Court finds that the judgment presented by

5   Defendants constitutes a final judgment for the purpose of res judicata.

6        **2.     Identities and Quality of Persons and Parties**

7        The parties do not dispute that Olympia School District was a party in *K.H. I. See*

8   Dkt. 13-1.Therefore, the Court finds that the identity of parties requirement is satisfied as

9   to Plaintiffs' claims against Olympia School District.

10        Defendants also argue that the individually named defendants were in privity with

11   the School District as its employees. Plaintiffs argue that the *K.H. I* judgment does not

12   bar their current action because the individual employees were not named parties in *K.H.*

13   *I*. Moreover, Plaintiffs argue that even if the judgment in *K.H. I* bars claims against the

14   individual defendants in their official capacity, it does not bar claims against them in their

15   individual capacity. Dkt. 14 at 15–16.

16        In Washington, "[d]ifferent defendants constitute the same party for res judicata

17   purposes if they are in privity. A nonparty is in privity with a party if that party

18   adequately represented the nonparty's interest in the prior proceeding." *Feature Realty,*

19   *Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wn.2d 214, 224 (2007)

20   (internal citation omitted). Privity exists between employer and employee when the

21   employer's "liability in the first complaint . . . was premised entirely on the actions of its

22   employees." *Kuhlman v. Thomas*, 78 Wn. App. 115, 121–22 (1995).

1    The Court agrees with the reasoning of the Eighth Circuit in *Headley v. Bacon*,

2    828 F.2d 1272, 1279 (8th Cir. 1987), upon which Plaintiffs rely to argue that the *K.H. I*

3    judgment should not foreclose actions against the individual employees in their personal

4    capacity. Dkt. 14 at 15–26. *See Headley*, 828 F.2d at 1279 ("[L]itigation involving

5    officials in their official capacity does not preclude relitigation in their personal

6    capacity."). *See also* Wright, Miller & Cooper, 18A *Fed. Prac. & Proc. Juris.* § 4454 (2d

7    ed.) ("[L]itigation in one capacity, individual or representative, does not preclude

8    relitigation in a different capacity, individual or representative."). However, as stated

9    above, 28 U.S.C. § 1738 mandates that the Court follow Washington law, not the law of

10   the Eighth Circuit, in evaluating the preclusive effect of the *K.H. I* judgment. *Allen*, 449

11   U.S. at 96. Under Washington law, "[i]n general, the employer/employee relationship is

12   sufficient to establish privity." *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 636 (2016)

13   (quoting *Kuhlman*, 78 Wn. App. at 121).

14       The Court's analysis under this general rule is complicated by the fact that in

15   deciding *Kuhlman*, the Washington Court of Appeals for Division One relied upon

16   federal law. 78 Wn. App. at 121. However, instead of citing the Eighth Circuit's decision

17   in *Headley*, the *Kuhlman* decision cited the analysis of the Fifth Circuit in *Lubrizol Corp.*

18   *v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989), *cert. denied*, 506 U.S. 864 (1992).

19   *Kuhlman*, 78 Wn. App. at 121. In looking to *Lubrizol* for guidance, the *Kuhlman* decision

20   asked whether "there was a 'special relationship' between the defendants in each action,

21   if not complete identity of parties." *Id.* (quoting *Lubrizol*, 871 F.2d at 1288).

22   Accordingly, when determining whether Washington's general rule applies, the Court

1    must assess whether (1) there was a "special relationship" between the parties, *id.*; (2)

2    whether Olympia School District's "liability in the first complaint . . . was premised

3    entirely on the actions of its employees", *id.* at 121–22; and (3) whether Olympia School

4    District "adequately represented [its employees'] interests in the prior proceeding." *Id.* at

5    122.

6          The Court finds that the employment relationship between Olympia School

7    District and the individually named employees is sufficient to implicate a "special

8    relationship."

9          Additionally, Olympia School District's liability in *K.H. I* was premised entirely

10   on the actions of its employees. The complaint in *K.H. I* alleged that the District was

11   negligent "through its employees" in failing to protect Plaintiffs from a sexual predator.

12   Dkt. 13-1 at 12. In fact, the complaint in *K.H. I* specifically named defendants Fredrick

13   Stanley, Barbara Greer, and William Lahmann as bad actors and described how their

14   individual conduct and failure to adequately supervise bus drivers resulted in the

15   horrendous circumstances of D.H.'s abuse. Dkt. 13-1 at 5, 8–9. The present complaint

16   offers additional quotes from the individually named defendants and describes their

17   misdeeds in greater detail than the complaint in *K.H. I*, but the misconduct described is

18   nonetheless the same. *Compare* Dkt. 1 *with* Dkt. 13-1.

19         Olympia School District also adequately represented the interests of the

20   individually named employees while litigating *K.H. I*. The nature of the claims and the

21   relationship of the parties in *K.H. I* necessarily required as much. This is supported by

22   Plaintiffs' statement that Olympia School District avoided liability in *K.H. I* by

1   "focus[ing] all its energy in maintaining that [the perpetrator of D.H.'s abuse] was the

2   party to blame *and that nothing about it* [sic] *supervision was negligent*." Dkt. 14 at 15

3   (emphasis added). Olympia School District adequately represented the interests of its

4   employees when it successfully asserted that its supervision of bus drivers, the individual

5   defendants' alleged responsibility, was not the cause of Plaintiffs' harm or damages.

6          Plaintiffs also rely on *Brown v. Scott Paper Worldwide Co.*, 98 Wn. App. 349

7   (1999*), aff'd*, 143 Wn.2d 349 (2001), to argue that privity does not exist where a plaintiff

8   asserts personal liability against individually named employees in a subsequent action.

9   Dkt. 14 at 15. However, central to *Brown* was the fact that the initial cause of action

10  under the Washington Law Against Discrimination, RCW 49.60, offered the employer

11  statutory "liability escape hatches" in relation to the wrongful conduct of the employees

12  subsequently named as individual defendants. 98 Wn. App. at 364–65. Therefore, a

13  defense was available to the employer that was not available to the employees and it was

14  unnecessary for the employer to adequately represent the individual employees' interests

15  in the first litigation. *Id.* No such "liability escape hatches" existed in *K.H. I*. If the

16  individually named defendants negligently inflicted harm upon Plaintiffs through their

17  failure to prevent D.H.'s abuse, then Olympia School District was necessarily liable

18  under a theory of respondeat superior. Accordingly, the Court finds that the added parties

19  were in privity with Olympia School District in *K.H. I* and are sufficiently identical for

20  the purpose of res judicata.

21         Additionally, the Court notes that "the employer-employee relationship satisfies

22  the requirement of res judicata that the 'quality' of the persons against whom [Plaintiffs]

brought the claims must be identical, where the employer's liability is premised entirely

on the action of its employees." *Brown*, 98 Wn. App. at 364–65. Because the School

District's liability in *K.H. I* was premised on the wrongful conduct of the present

individually named employees, the Court finds that the quality of the defendants is

identical.

### 3.      Cause of Action

There is no precise test for determining whether causes of action share an identity.

*See Rains v. State*, 100 Wn.2d 660, 663–64 (1983). However, Washington courts have

considered the following criteria:

> (1) Whether rights or interests established in the prior judgment would be
> destroyed or impaired by prosecution of the second action; (2) whether
> substantially the same evidence is presented in the two actions; (3) whether
> the two suits involve infringement of the same right; and (4) whether the
> two suits arise out of the same transactional nucleus of facts.

*Hayes v. City of Seattle*, 131 Wn.2d 706, 713 (1997) (quoting *Rains*, 100 Wn.2d at 664).

Plaintiffs argue that the current case involves the violation of constitutional rights

while the first case "[i]nvolved intentional tortious violation of sexual abuse." Dkt. 14 at

18. They also argue that their present complaint requires a showing of deliberate

indifference while their previous complaint only alleged conduct below the standard of

care that a reasonably prudent ordinary person would exercise. *Id.*

Pursuant to Washington law, "a matter may not be relitigated, or even litigated for

the first time, if it could have been raised, and in the exercise of reasonable diligence

should have been raised, in the prior proceeding." *Bentil v. Univ. of Washington*, 110 Wn.

App. 1040 (2002) (quoting *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 329

1   (1997)). In *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 83–85 (1984),

2   the Supreme Court determined that the preclusive effect of a state-court judgment applies

3   to a § 1983 claim that could have been raised but was not in the earlier state-court

4   proceeding. "Section 1983 . . . does not override state preclusion law and guarantee [a

5   party] a right to proceed to judgment in state court on her state claims and then turn to

6   federal court for adjudication of her federal claims." *Id.* at 85. Therefore, the state court

7   judgment in a case in which the Plaintiffs could have but did not raise their § 1983 claims

8   has the same preclusive effect here that such a judgment would have in state court. *Id.* at

9   84–85.

10          The present suit arises from the same transactional nucleus of facts as *K.H. I.*

11   *Compare* Dkt. 13-1 *with* Dkt. 1. Although the present complaint provides greater details

12   regarding Defendants' misconduct, it is the same misconduct that was more vaguely

13   asserted in the original complaint. *Id.* Both complaints allege that Plaintiffs were wronged

14   by the gross misconduct of Defendants in allowing a dangerous predator to molest D.H.

15   and other vulnerable children on school buses. That the standard necessary to support

16   Plaintiffs' first theory of negligence was easier to satisfy than their current theories does

17   not change the reality that both complaints allege the same set of facts, point their fingers

18   at the same bad actors, and rely upon substantially the same evidence. Ultimately, with

19   the exercise of any reasonable diligence, both Plaintiffs' prior and present theories could

20   and should have been raised in the first case against all the currently named parties. The

21   Court therefore finds that the causes of action are identical.

22

1    **4.     Subject Matter**

2         Although Washington lacks a well-defined rule for determining when subject

3 matter differs for purposes of res judicata, "the critical factors seem to be the nature of

4 the claim or cause of action and the nature of the parties." *Hayes*, 131 Wn.2d at 712–13

5 (quoting Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in*

6 *Washington*, 60 Wash. L. Rev. 805, 812-13 (1985)). "[T]he same subject matter is not

7 necessarily implicated in cases involving the same facts." *Mellor v. Chamberlin*, 100

8 Wn.2d 643, 646 (1983). In the present action and *K.H. I*, both complaints seek a

9 monetary remedy for the allegedly tortious failure of Olympia School District employees

10 to adequately protect D.H. from a sexual predator. While the legal theories advanced in

11 the two cases are different, the "nature" of the claims and parties is the same.

12 **E.     Attorney's Fees**

13         Defendants request attorney's fees pursuant to RCW 4.84.185, whereby the Court

14 may award attorney's fees when a lawsuit is "frivolous and advanced without reasonable

15 cause." "A lawsuit is frivolous when it cannot be supported by any rational argument on

16 the law or facts." *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938 (1997).

17 Plaintiffs' theory that the *K.H. I* judgment does not bar a § 1983 suit against Olympia

18 School District's individual employees in their individual capacity was not frivolous,

19 irrational, nor even unreasonable. The Court refuses to award attorney's fees.

20 **F.     Request for Stay**

21         Plaintiffs have argued that, if the *K.H. I* judgment is res judicata, the proper

22 remedy is to stay this proceeding pending the *K.H. I* appeal. However, as addressed

1    above, "a judgment . . . becomes final for res judicata purposes at the beginning, not the

2    end, of the appellate process, although res judicata can still be defeated by later rulings on

3    appeal." *Lejeune*, 64 Wn. App. at 266. If the res judicata effect of the *K.H. I* judgment

4    may be defeated on appeal, the Court need not stay the proceedings, as Defendants may

5    simply file anew or amend their *K.H. I* pleadings after the *K.H. I* judgment is defeated.

6    Moreover, even if the appeal is granted, Plaintiffs would still need to overcome any

7    potential implications of the abstention doctrine in their maintenance of concurrent

8    federal and state court actions. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584

9    (2013); *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800 (1976). Also, if

10   the information supporting Plaintiffs' § 1983 claims were somehow unattainable prior to

11   the *K.H. I* judgment, as Plaintiffs' counsel claims (Dkt. 14 at 14), it appears Plaintiffs'

12   more appropriate avenue for relief would lie in the procedures outlined in CR 60 and

13   RAP 7.2(e) of the Washington State Court Rules.

14                              **III. ORDER**

15          Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 12) is

16   **GRANTED** and Plaintiffs' claims are **DISMISSED**. The Clerk shall close this case.

17          Dated this 7th day of October, 2016.

18

19

20                              BENJAMIN H. SETTLE
                                United States District Judge

21

22

ORDER - 15